PER CURIAM.
In this juvenile delinquency proceeding, Appellant makes two challenges to the disposition orders entered after he pled guilty to two third-degree felonies in two separate cases. First, Appellant argues that the orders are defective because they potentially commit him to the custody of the Department of Juvenile Justice for a period that exceeds the statutory maximum for the offenses.[1] We agree. Each order states in material part that Appellant is committed for “an indeterminate period, but no longer than the maximum sentence allowable by law or the child’s 19th birthday.” The problem with this language is that the statutory maximum on each charge is 5 years, which will expire before Appellant’s 19th birthday, yet the orders may be construed to authorize commitment until he is 19. See J.B. v. State, 829 So.2d 376 (Fla. 4th DCA 2002) (order containing virtually identical language held defective).
Appellant’s second point on appeal relates to the propriety of imposing statu *413 tory surcharges pursuant to sections 938.08 and 938.085, Florida Statutes. We reject this argument based on S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2005), but, as we have done in the past, once again certify the following question of great public importance to the supreme court:
DOES A TRIAL JUDGE HAVE THE POWER AND AUTHORITY TO IMPOSE ON JUVENILES IN A JUVENILE DELINQUENCY PROCEEDING, THE MANDATORY SURCHARGES SET FORTH IN SECTIONS 938.08 AND 938.085?
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED; QUESTION CERTIFIED.
GRIFFIN, PALMER and TORPY, JJ., concur.

. The State urges that this issue was not preserved for review but makes no argument on the merits. We disagree with the State on the preservation issue.